**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PHYLICIA REYES,**<br>**Plaintiff,** | : | **Civil Action No.** 26-6759 |
| **v.** | : | **Complaint and Jury Demand** |
| **THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC. d/b/a JEFFERSON EINSTEIN MONTGOMERY HOSPITAL**<br>**Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Phylicia Reyes (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Thomas Jefferson University Hospitals, Inc. d/b/a Jefferson Einstein Montgomery Hospital (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
2. Plaintiff is an adult individual residing in Hatboro, PA.
3. Upon information and belief, Defendant Thomas Jefferson University Hospitals, Inc. d/b/a Jefferson Einstein Montgomery Hospital is a regional health system with a location at 559

W Germantown Pike, Norristown, PA 19403 and with corporate headquarters located at 111 S 11th Street, Philadelphia, PA 19107.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
12. Plaintiff exhausted her administrative remedies under Title VII and the PHRA.
13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on May 1, 2026, alleging race discrimination against Defendant.
14. The Charge was assigned a Charge Number 530-2026-06158 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").
15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated June 10, 2026.
16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.
17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.
18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
20. Plaintiff is Hispanic.
21. In or around November 2024, Defendant hired Plaintiff in the position of Emergency Department Technician.
22. Plaintiff was well qualified for her position and performed well.

## PLAINTIFF TREATED A PATIENT WHO WAS IN A NON-VERBAL STATE DUE TO DRUG WITHDRAWAL

23. On January 1, 2026, Plaintiff was working in the main part of the Emergency Department when she was asked to retrieve a patient from the lobby.
24. The patient was in a non-verbal state due to drug withdrawal.
25. Plaintiff attempted to persuade the patient to see a doctor.
26. When the patient began balling her fists and staring at Plaintiff and her coworkers, Plaintiff created distance for her own safety, as patient in similar circumstances had previously attacked her.
27. The patient was brought back to the treatment area and placed on a bed alarm due to concerns she may wander.

## A COWORKER INFORMED PLAINTIFF THAT SHE HAD BEEN SUSPENDED

28. On January 2, 2026, Chanel Last Name Unknown ("LNU"), Security Guard, informed Plaintiff that Chanel had been suspended for an alleged complaint of patient mistreatment.

**PLAINTIFF WAS INTERVIEWED REGARDING THE INCIDENT WITH THE PATIENT ON JANUARY 1, 2026**

29. On January 5, 2026, Michelle LNU (Caucasian), Human Resources, and Kim Vitelli (Caucasian), Manager, interviewed Plaintiff regarding the incident with the patient on January 1, 2026.

30. Plaintiff denied any mistreatment of the patient and explained that her conduct was a response to a potentially dangerous situation.

**DEFENDANT TERMINATED PLAINTIFF**

31. On January 9, 2026, Vitelli and Marie Mo (Caucasian), Associate Chief Nursing Officer, called Plaintiff into the office and terminated her for alleged misconduct regarding the incident with the patient on January 1, 2026.

32. Vitelli and Mo claimed Plaintiff laughed at the patient.

33. Plaintiff denied laughing at the patient and explained that any nervous reaction was due to discomfort in a potentially dangerous situation.

34. Plaintiff had no prior write-ups or disciplinary history during her employment.

35. Two (2) non-Caucasian coworkers involved in the same incident were also terminated.

**PLAINTIFF’S ASSISTANT MANAGER AND COWORKERS ADVOCATED FOR PLAINTIFF’S REHIRE**

36. Plaintiff’s Assistant Manager was upset by her termination and contacted Human Resources to advocate for her rehire.

37. Multiple nurses also complained to Human Resources on Plaintiff’s behalf.

38. However, Defendant upheld Plaintiff’s termination.

**DEFENDANT DID NOT DISCIPLINE OR TERMINATE NON-HISPANIC COWORKERS WHO ENGAGED IN SIGNIFICANTLY WORSE CONDUCT TOWARDS PATIENTS**

39. During Plaintiff's employment, Defendant's security staff engaged in far more egregious conduct toward patients without being disciplined or terminated.

40. These security staff members, include, but are not limited to, Austin LNU (Caucasian), Security Guard, Frederick LNU (African American), Security Guard, Perez LNU (African American), Security Guard, Yvette LNU (African American), Security Guard, and Michael Mikalonis (Caucasian), Security Supervisor, who were observed physically grabbing patients, throwing them out of the facility, throwing their belongings outside, and throwing patients onto beds.

41. Defendant did not discipline these employees for this conduct.

42. Defendant discriminated against Plaintiff due to her race in violation of Title VII and the PHRA.

43. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – RACE DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

44. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

45. Plaintiff is a member of protected classes in that she is Hispanic.

46. Plaintiff was qualified to perform the job for which she was hired.

47. Plaintiff suffered adverse job actions, including, but not limited to termination.

48. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

49. Circumstances exist related to the above cited adverse employment actions that give rise

to an inference of discrimination.

50. Defendant discriminated against Plaintiff on the basis of her protected class.

51. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

52. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

53. Defendant's conduct was willful or performed with reckless disregard to her federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – DISCRIMINATION BASED ON RACE**
**PENNSYLVANIA HUMAN RELATIONS ACT**

54. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

55. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her protected class (Hispanic).

56. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Phylicia Reyes, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future wage loss;

(b) Punitive and/or liquidated damages, if applicable;

(c) Emotional pain and suffering;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for the negative tax consequences of a lump sum aware in a single tax year;

(h) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the PHRA.

(i) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: September 8, 2026 **By:** ***/s/David M. Koller***

David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*